# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD, JR., | CASE NO. 1:11-cv–01276-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (ECF No. 4) |
| LISA A. MUNOZ, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |
| _____/ | |

**I.      Screening Requirement**

Plaintiff Curley John Broussard, Jr., is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed June 27, 2011.  (ECF No. 4.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

1

1    Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

2  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

3  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

4  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

5  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

6  Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969

7  (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

8  "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility

9  standard.  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

10  **II.    Discussion**

11    Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

12  ("CDCR") and is incarcerated at California State Prison, Corcoran.  Plaintiff has failed to clearly set

13  forth his claims in the complaint.  To the extent that the Court is able to understand Plaintiff's

14  claims, he is attempting to bring unrelated claims alleging excessive force, retaliation, property

15  deprivation, and challenging his initial conviction and conviction for battery on Defendant Cortez,

16  as well as challenges to the constitutionality of the law library, life imprisonment without the

17  possibility of parole, the staffing of the Mental Health and Health Care Units, and California Code

18  of Regulations, Title 15 Section 3162(c).  Plaintiff's complaint is not a short and plain statement of

19  the claim, but is seventeen pages of confusing and unrelated allegations and three pages requesting

20  injunctive relief that is mainly unrelated to the claims he appears to be attempting to pursue in this

21  action.  Also included are seventy two pages of exhibits.  Plaintiff's complaint shall be dismissed,

22  with leave to amend, for failing to comply with Federal Rules of Civil Procedure 8, 18, and 20.

23    Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

24  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

25  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

26  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each

27  defendant personally participated in the deprivation of his rights.  Iqbal, 129 S. Ct. at 1949; Simmons

28  v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588

F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 129 S. Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

Plaintiff is advised the when a prisoner is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

1   proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement

2   or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248 (2005).  Plaintiff

3   may not bring an action under section 1983 to challenge his initial conviction or the conviction for

4   battery on a peace officer.

5   **III.   Conclusion and Order**

6           Plaintiff's complaint shall be dismissed because it does not comply with the Federal Rules

7   of Civil Procedure.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll

8   v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit

9   by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th

10  Cir. 2007) (no "buckshot" complaints).

11          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

12  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

13  Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

14  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

15  caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

16  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

17  speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

18          Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

19  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

20  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

21  causes of action alleged in an original complaint which are not alleged in an amended complaint are

22  waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

23  Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

24          Based on the foregoing, it is HEREBY ORDERED that:

25          1.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

26          2.       Plaintiff's complaint, filed June 27, 2011, is dismissed for failure to comply with

27                   Federal Rule of Civil Procedure 8, 18, and 20;

28          3.       Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

1    amended complaint; and

2    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

3    action will be dismissed.

4

5    IT IS SO ORDERED.

6    Dated:    __August 9, 2012__              _____/s/ Barbara A. McAuliffe_____
                                                UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28