1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  CURLEY JOHN BROUSSARD, JR.,          CASE NO. 1:11-cv–01276-BAM PC

10          Plaintiff,                  ORDER DISMISSING ACTION, WITHOUT
                                        PREJUDICE, FOR FAILURE TO STATE A
11     v.                               CLAIM

12  LISA A. MUNOZ, et al.,              (ECF No. 17)

13          Defendants.
                                    /
14

15  **I.     Screening Requirement**

16          Plaintiff Curley John Broussard, Jr., is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 10, 2012, Plaintiff's

18  complaint was screened and dismissed, with leave to amend.  (ECF No. 4, 15.)  Currently before the

19  Court is Plaintiff's first amended complaint, filed August 23, 2012.  (ECF No. 17.)

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

24  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

25          A complaint must contain "a short and plain statement of the claim showing that the pleader

26  is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

27  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

28  do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

1

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

2  **II.    Discussion**

3      Plaintiff brings this action against Warden Connie Gipson, Director of California Corrections

4  and Rehabilitation Matthew Cate, Governor Edmund G. Brown, and the California Correctional

5  Peace Officers Association.  Plaintiff states that he was wrongfully convicted based upon false

6  testimony and has been illegally detained.  On February 13, 2008, Correctional Officer Cortez

7  allegedly conspired to provoke Plaintiff which resulted in a battery charge being filed in Kings

8  County Superior Court.  Plaintiff contends that the battery charge would not exist but for the illegal

9  detention.  (First Am. Compl. 3,[1] ECF No. 17.)  Plaintiff is seeking injunctive relief and a

10  declaration that his rights were violated under the United States Constitution, equal rights under the

11  law, and 42 U.S.C. ¶ 1981.  (Id.)

12      It has long been established that state prisoners cannot challenge the fact or duration of their

13  confinement in a § 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v.

14  Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred to as the favorable termination rule,

15  this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate

16  the duration of their confinement - either directly through an injunction compelling speedier release

17  or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's*

18  *custody.*"  Wilkinson, 544 U.S. at 81 (emphasis added).  Thus, "a state prisoner's § 1983 action is

19  barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no

20  matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

21  proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement

22  or its duration."  Id. at 81-82.

23      Plaintiff cannot circumvent the favorable termination rule by couching his claims as injury

24  that would not have occurred but for his wrongful conviction.  Additionally, Plaintiff may not bring

25  a claim under section 1983 against Correctional Officer Cortez for conspiring and provoking a

---

27  [1]All references to pagination of specific documents pertain to those as indicated on the upper right corners

28  via the CM/ECF electronic court docketing system.

battery.  Plaintiff was convicted of the battery on Correctional Officer Cortez and was sentenced to a six year sentence that is to run consecutively to his sentence for second degree murder.  (Compl. ¶¶ 22, 27-34, p. 86, ECF No. 4.)  If Plaintiff was to succeed on his claim based upon the battery charge it would necessarily imply the invalidity of his sentence and is barred unless he can demonstrate that the conviction has been invalidated.  Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (challenge to sentences that run concurrently is barred by Heck v. Humphreys, 512 U.S. 447 (1994), as a challenge to the sentence's duration.).  Plaintiff's sole remedy lies in a writ of habeas corpus.

**III.   Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).


IT IS SO ORDERED.

**Dated:   October 8, 2012**          /s/ **Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE