# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD, JR., | CASE NO. 1:11-cv–01276-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 25) |
| LISA A. MUNOZ, et al., | |
| Defendants. | |

Plaintiff Curley John Broussard, Jr., is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on June 2, 2011. (ECF No. 1.) On August 10, 2012, the complaint was dismissed, for failure to state a claim, with leave to file an amended complaint within thirty days. (ECF No. 15.) On August 22, 2012, Plaintiff filed a motion for a court order and an extension of time to file an amended complaint. (ECF No. 16.) Plaintiff filed a first amended complaint on August 23, 2012. (ECF No. 17.) An order was filed on August 17, 2012, denying Plaintiff's motion for a court order and granting the motion for an extension of time. (ECF No. 18.)

On September 6, 2012, Plaintiff filed a motion for reconsideration of the order denying his motion for a court order. (ECF No. 19.) On September 10, 2012, Plaintiff's motion for reconsideration was denied. (ECF No. 20.) On September 26, 2012, Plaintiff filed a second motion for reconsideration of the order denying his motion for a court order. (ECF No. 21.) On September 27, 2012, an order was filed denying Plaintiff's second motion for reconsideration and his motion for an extension of time as there were no deadlines pending in this action. (ECF NO. 22.)  On

October 9, 2012, Plaintiff's first amended complaint was screened and an order was filed dismissing this action for failure to state a claim, judgment was entered, and Plaintiff filed a third motion for reconsideration of the order denying his motion for a court order. (ECF Nos. 23, 24, 25.)

The Court has already ruled on two motions for reconsideration of the order denying Plaintiff's motion for a court order, and Plaintiff is now seeking a third reconsideration. Plaintiff disagrees with denial of his motions for reconsideration and his motion reargues the factual allegations already considered by the Court in his motion for a court order and his previous motions for reconsideration. Reconsideration is not a vehicle by which to obtain a second bite at the apple based on mere disagreement with a ruling; it is reserved for extraordinary circumstances. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

Further, this action has been dismissed for failure to state a claim. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that, as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). Since there is no actual case or controversy before the Court, it has no power to hear the matter in question. Id. The Court does not have jurisdiction to issue any relief to Plaintiff.

Accordingly, Plaintiff's motion for reconsideration, filed October 9, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   October 12, 2012                  /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE